IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


ANGEL PEREZ,

    Plaintiff,

v.                                      No. CV 09-0494 JH/KBM

GEO STATE OF NEW MEXICO
MEDICAL, WARDEN,
CORRECTIONAL OFFICERS,
SPECIAL INVESTIGATION UNIT CAPTAIN,
PSYCHOLOGIST, UNIT TEAM,
CASE MANAGER, MEMBERS PRESENT,

    Defendants.


MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint.  Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis.  For the reasons below, the Court will dismiss the complaint.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."  The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 127 S.

Ct. 1955, 1974 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint asserts three claims based on allegations of denial of medical treatment, unsanitary conditions, and improper classification. Specifically, Plaintiff alleges that he was denied a medical request form after a cell search, staff do not practice preventive hygiene, and he was placed in segregation for a misconduct report. The only specific constitutional provision that Defendants allegedly violated is the Eighth Amendment. Plaintiff appears to seek exclusively equitable relief.

Plaintiff's allegations do not support claims of constitutional violations. As the Supreme Court has discussed, a restrictive condition of confinement assumes constitutional proportions if it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *and see Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (denying Eighth Amendment liability unless "official knows of and disregards an excessive risk to inmate health and safety."). Allegations of denial of a single form, inadequate hygiene, and disagreement over Plaintiff's classification simply do not meet these standards and thus do not state claims for constitutional violations. The Court will dismiss this complaint.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's civil rights complaint is DISMISSED with prejudice, pending motion are DENIED as moot, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE